1  **Todd M. Friedman (216752)**
   **Adrian R. Bacon (280332)**
2  **Law Offices of Todd M. Friedman, P.C.**
   **21550 Oxnard St., Suite 780**
3  **Woodland Hills, CA 91367**
   **Phone: 877-206-4741**
4  **Fax: 866-633-0228**
   **tfriedman@toddflaw.com**
5  **abacon@toddflaw.com**
   **Attorneys for Plaintiff**
6

7  *Attorneys for Plaintiff, Ann Massoud, and all others similarly situated*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | ANN MASSOUD, individually, and on behalf of other members of the general public similarly situated, | Case No. |
|---|---|
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | (1) Violation of California Civil Code § 1670.8, and |
| ROBIN SINGH EDUCATIONAL SERVICES, INC. DBA TESTMASTERS, | (2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*) |
| Defendant. | **Jury Trial Demanded** |

Plaintiff Ann Massoud ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant ROBIN SINGH EDUCATIONAL SERVICES, INC. DBA TESTMASTERS (hereinafter "Defendant") to stop Defendant's practice of illegally, willfully, and maliciously, threatening consumers into silence in violation of California Law and First Amendment principles of the Constitution, and to obtain redress for all California Purchasers ("Class Members") who were threatened, within the applicable statute of limitations period, into waiving their right to make any statement regarding Defendant or its goods or services.

2. Defendant is a California Corporation and is engaged in the business of providing test preparation services.

3. Defendant makes a condition of its services that its customers refuse to make a statement against its interests and threaten its customers that they will need to pay thousands of dollars and go to prison if they make such statements.

4. Plaintiff and others similarly situated were threatened in this way by Defendant. In so doing, Defendant has violated California consumer protection statutes and Constitutional principles.

## JURISDICTION AND VENUE

5. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

6. This matter is properly venued in the United States District Court for the NORTHERN District of California, in that Plaintiff resides and was threatened in the county of Santa Clara. Plaintiff resides in the NORTHERN District of California and Defendant does business, <u>inter alia</u>, in the NORTHERN District of California.

7.  There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

8.  In the case at bar, there are at least 1,000 members in the proposed Class and Sub-classes nationwide, which will make it likely that at least one class member will be a citizen of a different state than that of Defendant, and the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs in that Plaintiff alleges maximum statutory damages of $10,000 for each willful, intentional and reckless violation of California Civil Code § 1670.8 for each and every class member.

## THE PARTIES

9.  Plaintiff Ann Massoud is a citizen and resident of the State of California.

10. Defendant ROBIN SINGH EDUCATIONAL SERVICES, INC. DBA TESTMASTERS is a California corporation with its principle place of business and headquarters in California.

11. Plaintiff alleges, on information and belief, that Defendant's business, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California Nationwide.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable

to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

13. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

15. On or around October 24, 2014 Plaintiff entered into an agreement with Defendant to purchase Defendant's test preparation services.

16. Plaintiff purchased the Platinum Private Tutoring Package for eight thousand and seven hundred and fifty dollars ($8,750), which included eighty hours of tutoring and materials.

17. For Defendant's services, Plaintiff paid more than valuable consideration.

18. In or around, October of 2015, Plaintiff contacted Defendant and requested that he speak to a manager and obtain a refund. Defendant refused to accommodate Plaintiff's requests.

19. Plaintiff called Defendant for days in the hopes of speaking to a manager, but was never given the opportunity. Plaintiff would be told that the managers were out and not allowed to speak to them. Plaintiff was told that she

was only allowed to speak to the student coordinator.

20. Frustrated, Plaintiff made a statement on a website for consumer reviews, ww.yelp.com, expressing his dissatisfaction with Defendant's management (the "Yelp Post").

21. In response to Plaintiff's Yelp Post, the Defendant finally attempted to provide Plaintiff customer support by providing her test preparation courses for a different test than Plaintiff initially signed up for.

22. For consideration of providing courses for a different test for Plaintiff, Defendant demanded that Plaintiff remove her Yelp Post as consideration.

23. Plaintiff requested that Defendant provide the offer above in writing. Defendant provided the offer in writing. However, when Plaintiff called months later to schedule the tutoring pursuant to the offer, Defendant informed Plaintiff that she could not schedule her classes until Plaintiff removed the Yelp Post and that if Plaintiff refused to remove the Yelp Post Defendant would rescind the offer.

24. Plaintiff requested the Defendant provide this new offer in writing. Defendant refused and instead sent a threatening letter dated July 29, 2016.

25. In the letter dated July 29, 2016, Defendant threatened Plaintiff that it would take legal action against her and seek thousands of dollars and jail time.

26. In part, Defendant wrote:

> I demand that you immediately remove this statement from Yelp. Otherwise, we will take legal action against you and purse every remedy available under the law, including an award of monetary damaged."

27. In addition, in the letter dated July 29, 2016, Defendant made false accusations that Plaintiff was violating the law and threatened to seek fines of two thousand and five hundred dollars ("$2,500) against Plaintiff and

imprisonment for a year.

28. Upon learning this, Plaintiff felt like she was being extorted and was terrified.

29. Plaintiff alleges that such illegal business tactics were part of a common scheme to silence consumers from making statements against Defendant's interests.

30. Plaintiff alleges that such illegal business tactics were part of a common scheme that impacted thousands of consumers worldwide in an attempt to gain an unfair business advantage against its consumers and illegally profit from such tactics.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

32. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All individuals in the United States, who were contracted with Defendant or were threatened by Defendant, within the applicable statute of limitations period, into waiving their right to make any statement regarding Defendant or its goods or services.

33. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

34. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

35. In addition, Plaintiff seeks to represent the Subclass of individuals defined as follows ("the Subclass"):

> All individuals in California, who were contracted with Defendant or were threatened by Defendant, within the applicable statute of limitations period, into waiving

Page 5

CLASS ACTION COMPLAINT

their right to make any statement regarding Defendant or its goods or services.

36. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

37. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

38. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

39. Rather, all claims in this matter arise from the identical, false, affirmative written statements from Defendant to Class Members.

40. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices with respect to Plaintiff and other Class Members;

    (b) Whether Defendant threatened Plaintiff and other Class Members into waiving their right to make any statement regarding Defendant or its goods or services;

    (c) Whether Defendant contracted with Plaintiff and other Class Members into waiving their right to make any statement regarding Defendant or its goods or services;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Civil Code § 1670.8;

    (e) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Civil Code § 1670.8;

(f) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h) The method of calculation and extent of damages for Plaintiff and Class Members.

41. Plaintiff is a member of the class and subclass she seeks to represent

42. The claims of Plaintiff are not only typical of all class members, they are identical.

43. All claims of Plaintiff and the class are based on the exact same legal theories.

44. Plaintiff has no interest antagonistic to, or in conflict with, the class.

45. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was threatened by Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

46. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

47. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of California Civil Code § 1670.8

48. Plaintiff incorporates by reference each allegation set forth above.

49. Pursuant to California Civil Code Section 1670.8, it is unlawful to,

"threaten or to seek to enforce [a contract or proposed contract for the sale or lease of consumer goods or services including a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services], or to otherwise penalize a consumer for making any statement protected under this section.

50. By threatening Plaintiff to remove the Yelp Post and making his removal of the Yelp Post a condition of receiving more classes, Defendant has violated this provision

51. By engaging in the above referenced business practices, Defendant has violated this provision with respect to each and every Class Member.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

52. Plaintiff incorporates by reference each allegation set forth above.

53. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

54. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions,

misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

55. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

56. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to prevent Plaintiff and Class members from making statements about Defendant and its services. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

57. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such threats and bargaining takes away consumers' right to make statements about Defendant and its services, and Defendant benefits from having negative statements made against it. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits.

58. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these Purchasers could reasonably have avoided. Plaintiff and

members of the Class are not always fully aware of their legal rights and the threats that Defendant made influence Class members' decision to make statements about Defendant and its services. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

59. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

60. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

61. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

62. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff needed to consult an attorney about her legal rights as she was unaware if she was forced to remove her statement. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

63. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

64. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

65. As explained above, Defendant's business practices violated California Civil Code Section 1670.8.

66. These business practices by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

67. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

68. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

69. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

70. Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) An order requiring ROBIN SINGH EDUCATIONAL SERVICES, INC. DBA TESTMASTERS, at its own cost, to

notify all Class Members of the unlawful and deceptive conduct herein;

(d) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members;

(e) Punitive damages, as allowable, in an amount determined by the Court or jury;

(f) Any and all statutory enhanced damages;

(g) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  February 24, 2017         Respectfully submitted,

                                            LAW OFFICES OF TODD M. FRIEDMAN , PC

                                            By: /s Todd. M. Friedman
                                              TODD M. FRIEDMAN, ESQ.
                                              Attorney for Plaintiff Anthon Fehrenbach

CLASS ACTION COMPLAINT